IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02624-MEH

ELECTRONIC PAYMENT SYSTEMS, LLC,

    Plaintiff,

v.

ELECTRONIC PAYMENT SOLUTIONS OF AMERICA, INC.,
JAY WIGDORE,
MICHAEL ABDELMESSH, a/k/a Michael Stewart,
FIRST PAY SYSTEMS LLC,
RICHARD KUHLMANN,
FIRST PAY SOLUTIONS, LLC,
FIRST DATA CORPORATION, and
WELLS FARGO BANK N.A.,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on February 5, 2015**.

    Defendant First Pay Solutions, LLC's ("First Pay") Motion for Protective Order [filed February 5, 2015; docket #32] is **denied without prejudice** for failure to comply with D.C. Colo. LCivR 7.1(a), which states,

> Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty.

The motion does not fall under any exception listed in D.C. Colo. LCivR 7.1(b).  Further, First Pay does not indicate whether there is any urgency to its request such that it could not await a response from the Plaintiff as to Plaintiff's position on the motion.

    The Court reminds the parties of their continuing obligations to comply fully with D.C. Colo. LCivR 7.1(a).  *See Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003) (because Rule 7.1(a) requires meaningful negotiations by the parties, ***the rule is not satisfied by one party sending the other party a single email, letter or voicemail***) (emphasis added).