IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02624-WYD-MEH

ELECTRONIC PAYMENT SYSTEMS, LLC,

    Plaintiff,

v.

ELECTRONIC PAYMENT SOLUTIONS OF AMERICA, INC.,
JAY WIGDORE,
MICHAEL ABDELMESSH, a/k/a Michael Stewart,
FIRST PAY SOLUTIONS, LLC,
FIRST DATA CORPORATION, and
WELLS FARGO BANK N.A.,

    Defendants.

## ORDER GRANTING MOTION TO STAY DISCOVERY

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is an Uncontested Motion to Stay All Discovery Pending Resolution of Certain Defendants' Motion[s] to Dismiss filed by Defendants First Data Corporation and Wells Fargo Bank [filed June 23, 2015; docket #64]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, this matter has been referred to this Court for disposition [docket #65]. Neither the remaining Defendants nor the Plaintiff oppose the motion, and the Court finds that oral argument would not assist the Court in its consideration of this matter. For the reasons that follow, the Court **grants** the motion to stay.

## BACKGROUND

On September 22, 2014, the Plaintiff initiated this action alleging contract claims against the Defendants. *See* Complaint, docket #1. Defendants Electronic Payment Solutions of America, Inc., Wigdore, and Abdelmessh responded to the Complaint on November 12, 2012 with an Answer and

the remaining Defendants – First Pay Solutions, First Data, and Wells Fargo – responded by filing motions to dismiss for lack of personal jurisdiction. *See* dockets ##8, 11 and 23. After resolution of lengthy service issues, the Court issued a Scheduling Order in this case on April 28, 2015. Docket #57.

In the present motion to stay, Defendants First Data and Wells Fargo claim that a temporary stay pending resolution of the jurisdictional issues raised in the motions to dismiss is appropriate "before proceeding to time-consuming and expensive discovery." Docket #64 at 4. The Court agrees with the Defendants.

## DISCUSSION

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Defendants seek protection from the burdensome expense of discovery at this early stage in the case.

A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (citations omitted).

The following five factors guide the Court's determination:

(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality*

*Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a temporary stay of discovery is appropriate in this case. With respect to the first two factors, the Court balances a plaintiff's desire to proceed expeditiously with the case against the burden on a defendant of going forward. Here, the Plaintiff does not object to Defendants' request to stay discovery; thus, to the extent the Plaintiff has any interest in proceeding expeditiously, the Court finds its interest is offset by Defendants' burden.

Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved. *See Gilbert v. Ferry*, 401 F.3d 411, 416 (6th Cir. 2005) (affirming trial court's stay of discovery pending ruling on dispositive motions raising jurisdictional issues). "[S]ubjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted." *String Cheese Incident, LLC*, 2006 WL 894955 at *2 (imposing a temporary stay of discovery pending resolution of a motion to dismiss for lack of personal jurisdiction). On balance, the Court finds that any potential harm to the Plaintiff is outweighed by the burden on Defendants resulting from conducting and responding to discovery while the motions to dismiss are pending.

Consideration of the remaining *String Cheese* factors does not tip the balance in favor of either position. Therefore, weighing the factors necessary to consider whether to grant the requested stay, the Court finds that a temporary stay of discovery is justified and will be imposed in this case.

**III.    Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that the Uncontested Motion to Stay All Discovery Pending Resolution of Certain Defendants' Motion[s] to Dismiss filed by Defendants First Data Corporation and Wells Fargo Bank [filed June 23, 2015; docket #64] is

4

**granted**.  A temporary stay of discovery is hereby imposed pending resolution of the Defendants' motions to dismiss.  The parties shall file a status report within five (5) days of any order resolving the motions to dismiss.

Dated at Denver, Colorado, this 24th day of June, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge