IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02624-WYD-MEH

ELECTRONIC PAYMENT SYSTEMS, LLC,

      Plaintiff,

v.

ELECTRONIC PAYMENT SOLUTIONS OF AMERICA, INC.,
JAY WIGDORE,
MICHAEL ABDELMESSH, a/k/a Michael Stewart,
FIRST PAY SOLUTIONS, LLC,
FIRST DATA CORPORATION, and
WELLS FARGO BANK N.A.,

      Defendants.
_____

## ORDER ON MOTIONS TO DISMISS
_____

I.    <u>INTRODUCTION & BACKGROUND</u>

      Plaintiff, Electronic Payment Systems, LLC, initiated this action on September 22,

2014, alleging that Defendant First Pay Solutions, LLC ("First Pay"), First Data

Corporation ("First Data"), and Wells Fargo Bank N.A. ("Wells Fargo") (collectively "the

Defendants") interfered and conspired to interfere with Plaintiff's Marketing Agreement

with other named Defendants.   On October 28, 2014, First Pay filed its Motion to Dismiss

Plaintiff's Complaint (ECF No. 8) for lack of personal jurisdiction.   On December 18,

2014, Plaintiff was granted permission to conduct limited discovery on its jurisdictional

claim against First Pay, as well as an extension of time to file its response.   *See* ECF No.

22.   On December 22, 2014, First Data and Wells Fargo filed their Motion to Dismiss

Plaintiff's Complaint (ECF No. 23) for lack of personal jurisdiction and for failure to state a

claim.   Plaintiff filed its response to First Pay's Motion on March 13, 2015, and its response to First Data and Wells Fargo's Motion on March 15, 2015.   The Defendants filed replies on March 27, 2015.   Thus, the Motions are fully briefed.

This case arises out of a Marketing Agreement ("the Agreement") between Plaintiff EPS and Defendants Jay Wigdore, Michael Abdelmessh, and Electronic Payment Solutions of America, Inc. (collectively "the EPSA Defendants").   The Complaint alleges that the Agreement required the EPSA Defendants to market and sell Plaintiff's credit and debit card processing services and products to merchants.   (Compl., ¶ 21.)   The EPSA Defendants solicited merchants, who would then enter into merchant agreements with the Plaintiff.   (*Id.*, ¶ 23.)   Plaintiff alleges that the Defendants interfered and conspired to interfere with Plaintiff's contract with Defendant Wigdore and intended to induce Defendant Wigdore to violate his contract with Plaintiff by rolling over Plaintiff merchant accounts, and encouraging or enabling Defendant Wigdore to violate his contract with Plaintiff.   (Compl., ¶¶ 72-74, 77-79.)

The Defendants claim that Plaintiff's Complaint fails to allege sufficient facts from which the Court can assert personal jurisdiction over them, and that the Defendants lack the requisite minimum contacts to establish such jurisdiction in Colorado.   Plaintiff contends that the Motions should be denied because First Pay has subjected itself to personal jurisdiction in Colorado through its intentional acts in the forum, and First Data and Wells Fargo both are regularly engaged in conducting business within the state of Colorado.

II.   STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."   Although this pleading standard does not require detailed factual allegations, it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 678 (2007).   Further, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do' . . . [n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555, 557).   A motion to dismiss can be granted if a complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. Pro. 12(b)(6).

In order for a complaint to survive a motion to dismiss, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Id.*, citing *Twombly*, 550 U.S. at 570.   Facial plausibility is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.*, citing *Twombly*, 550 U.S. at 556.   Here, Plaintiff has not pled sufficient factual content for me to reasonably infer that the Defendants are liable for the misconduct alleged.   The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," and indeed, when a complaint "pleads facts that are 'merely consistent with' a defendant's liability, it 'stops

short of the line between possibility and plausibility of entitlement to relief.'" *Id.*, citing

*Twombly*, 550 U.S. at 557 (some quotations omitted).

Plaintiff's Complaint is lacking in well-pled facts, and relies instead on conclusions

of law.   For example, in the sixth claim for relief, Plaintiff states that the Defendants "had

knowledge of the contract or facts which would lead them to inquire into the existence of

the contract" with Plaintiff, and that the Defendants "intended to induce Defendant

Wigdore to breach his contract" with Plaintiff.   (Compl., ¶¶ 72-73.)   These are legal

conclusions, unsupported by facts.   In the seventh claim for relief, Plaintiff states that the

Defendants "intended to interfere with the Marketing Agreement between Plaintiff and

Defendant Wigdore," and that the Defendants "agreed to interfere" with the Agreement,

"inducing Defendant Wigdore to breach his duties . . . including his duty not to compete."

(Compl., ¶¶ 77-78.)   These are also legal conclusions, unsupported by facts.

Even the factual allegations asserted by the Plaintiff in the Complaint are

insufficient for me to be able to "determine whether they plausibly give rise to relief."

*Iqbal*, 556 U.S. at 679.   For example, in Plaintiff's sixth claim of relief, Plaintiff states that

the Defendants "actively paid and encouraged Defendant Wigdore to violate his contract

with [Plaintiff] by, among other actions facilitating the 'rolling over' of [Plaintiff] merchant

accounts, encouraging or enabling Defendant Wigdore to directly compete with [Plaintiff],

and encouraging, inducing, facilitating or causing Defendant Wigdore to violate the first

right of refusal provision" of the Agreement.   (Compl., ¶ 74.)   Apart from the legal

conclusions of this allegation, which are not entitled to the assumption of truth, the factual

portion is unsupported by "further factual enhancement."   *Twombly*, 550 U.S. at 557.

Nowhere does Plaintiff offer any further facts with sufficient detail to explain how the

Defendants interfered or conspired to interfere with Plaintiff's contract with Defendant

Wigdore.

In the seventh claim for relief, Plaintiff states that the Defendants "paid or

otherwise compensated Defendant Wigdore to breach his contract" with Plaintiff.

(Compl., ¶ 79.)   No further factual enhancement is offered by the Plaintiff to support this

allegation.   When, as here, "the facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged – but it has not 'show[n]'- 'that the

pleader is entitled to relief.'"   *Iqbal*, 556 U.S. at 679, citing Fed. R. Civ. Pro. 8(a)(2).

First Pay's responses to Plaintiff's interrogatories (Ex. 1 to Plaintiff's Response to

Defendant First Pay Solutions, LLC's Motion to Dismiss Plaintiff's Complaint, ECF No. 41)

do not sufficiently compensate for the lack of facts pled in the Complaint.   Nothing in the

interrogatory answers offers sufficient factual support to make plausible the Plaintiff's

claims of intentional interference or conspiracy to interfere with Plaintiff's contract with

Defendant Wigdore.   On the basis of required pleading standards under both *Iqbal* and

*Twombly*, I have sufficient grounds to grant the Defendants' Motions to dismiss.

Alternatively, I will address the personal jurisdiction issues raised in the Motions.

Federal Rules of Civil Procedure 12(b)(2) provides that a defendant may move to dismiss

a complaint for "lack of jurisdiction over the person."   The plaintiff bears the burden of

establishing personal jurisdiction, although at the preliminary stages of the litigation this

burden is light.  *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).

Where, as here, there has been no evidentiary hearing and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, "the plaintiff must only make a prima facie showing of personal jurisdiction."  *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007).  "The plaintiff may meet this burden 'by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant.'"  *Id.* (citing *TH Agric. & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282, 1286 (10th Cir. 2007)).  The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits, and any factual disputes must be resolved in the plaintiff's favor.  *Melea*, 511 F.3d at 1065. However, "only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true."  *Encore Prods., Inc. v. Promise Keepers*, 53 F. Supp. 2d 1101, 1114 (D. Colo. 1999) (citing *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)).  As noted above, these well-pled facts in Plaintiff's Complaint are lacking.

Because Colorado's long-arm statute has been construed by the Colorado Supreme Court as conferring the maximum jurisdiction permissible consistent with the Due Process clause, the inquiry becomes whether the exercise of personal jurisdiction over the defendant comports with constitutional due process demands.  *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).  "[T]o exercise

- 6 -

jurisdiction in harmony with due process, [the defendant] must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'"   *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

This requires an analysis of whether "'the defendant has such minimum contacts with the forum state that [it] should reasonably anticipate being haled into court there.'" *Neimi v. Lasshofer*, 770 F.3d 1331, 1348 (10th Cir. 2014) (quotation omitted).   This can be satisfied by showing either general or specific jurisdiction.   *Id.*   General jurisdiction is met by showing that the defendant has "continuous and systematic general business contacts" with the forum state.   *Melea*, 511 F.3d at 1066.   First Pay is a Delaware limited liability company, with its principal place of business and sole office located in New York, New York. (Declaration of Chi "Vincent" Ko, President of First Pay, ¶¶ 3-5, Ex. 1 to Def. First Pay Solutions, LLC's Memorandum of Support of Its Motion to Dismiss Plaintiff's Complaint.)   First Pay has no offices located in Colorado, and neither leases nor owns property in Colorado.   (*Id.*, at ¶ 6.)   First Pay has no employees in Colorado, nor agents located in Colorado.   (*Id.*, at ¶ 7.)   First Pay has never been required to pay, nor has it paid, taxes in Colorado, and it does not have a bank account in Colorado.   (*Id.*, at ¶ 8.) First Pay has no corporate books or records located in Colorado.   (*Id.*, at ¶ 9.)   The Tenth Circuit has held that "the commercial contacts here "must be of a sort 'that approximate physical presence' in the state."   *Shrader v. Biddinger*, 633 F.3d 1235, 1243

- 7 -

(10th Cir. 2011) (citation omitted).   I find that this requirement is not met for Defendant First Pay.

First Data and Wells Fargo rely on a recent Supreme Court case, *Daimler v. Bauman*, to support their argument that general jurisdiction is not appropriate over either First Data or Wells Fargo in the state of Colorado for this matter.   The Court in *Daimler* held that for a corporation, the paradigm forum for the exercise of general jurisdiction is a place "in which the corporation is fairly regarded as at home."   *Daimler v. Bauman*, 134 S.Ct. 746, 760 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2853-54 (2011)).   Plaintiff argues that under this analysis, Wells Fargo should be found to be subject to general jurisdiction in the state of Colorado since it has 154 separate banks and 275 ATMs in the state of Colorado, making it feel more at home in Colorado than its principal place of business and state of incorporation, South Dakota, since there are only 45 banks and 56 ATMs in that state.   Plaintiff has provided no authority to suggest that this level of presence in the state of Colorado is a sufficient basis for general jurisdiction.

The *Daimler* Court noted that for a corporation, the place of incorporation and the principal place of business are "paradig[m] . . . bases for general jurisdiction" since "[t]hose affiliations have the virtue of being unique – that is, each ordinarily indicates only one place – as well as easily ascertainable."   *Daimler*, 134 S.Ct. at 760 (citation omitted). The Court added that "[s]imple jurisdictional rules . . . promote greater predictability," and that "[t]hese bases afford plaintiffs recourse to at least one clear and certain forum in

which a corporate defendant may be sued on any and all claims." *Id.* (citation omitted).

The Court further referenced the decision in *International Shoe Co. v. Washington* in

noting that general jurisdiction over a corporation is appropriate in "instances in which the

continuous corporate operations within a state [are] so substantial and of such a nature

as to justify suit . . . on causes of action arising from dealings entirely distinct from those

activities," and that the Court in *International Shoe* was "clearly not saying that

dispute-blind jurisdiction exists whenever 'continuous and systematic' contacts are

found." *Id.* at 761, citing *Int'l Shoe v. Washington*, 326 U.S. 318, 318 (1945).

Plaintiff argues that *Daimler* is distinguishable from the present case because it

dealt with a foreign (outside the U.S.) company.   I find no merit in this argument, since

the holding in *Daimler* is applicable to companies both foreign and domestic to the U.S.,

and has been interpreted accordingly in this district.   *See Leachman Cattle of Colo., LLC*

*v. Amer. Simmental Assoc.*, 66 F. Supp. 3d 1327 (D. Colo. 2014); *Goodwin v.*

*Bruggeman-Hatch, et al.*, 2014 WL 4244214 (D. Colo. July 14, 2014); *Matthys v.*

*Narconon Fresh Start*, 2015 WL 2106214 (D. Colo. May 4, 2015).   Finding that Wells

Fargo is subject to general jurisdiction in this case would make it such that *any* plaintiff

could adjudicate *any* claims against Wells Fargo within the courts of Colorado. I am far

from persuaded that Wells Fargo is "essentially at home" in Colorado simply by virtue of

the existence of bank branches and ATM machines in the state. The Plaintiff does not

assert any factual allegations as to the bases for general jurisdiction for First Data.   I find,

therefore, that First Data and Wells Fargo are not subject to general jurisdiction in Colorado in this matter.

"Second, a state's courts may exercise specific jurisdiction over a defendant that 'purposefully directed' its activities at the state's residents, if the cause of action arises out of those activities."   *Melea*, 511 F.3d at 1066 (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472–73 (1985)).   As noted above, there are not enough facts pled by the Plaintiff in order for me to determine whether the requirements of specific jurisdiction over the Defendants have been met.

In its Response, Plaintiff argues in support of its jurisdictional claim based on First Pay's responses to Plaintiff's limited discovery requests that were intended to inform the Court of the extent of First Pay's contacts with Colorado.   Even considering First Pay's answers to these requests, Plaintiff has failed to allege sufficient facts to support specific personal jurisdiction over the Defendants.   What is missing from Plaintiff's complaint are any factual allegations of the Defendants' involvement in the alleged interference or conspiracy to interfere with the Agreement.   Without more, the Plaintiff has failed to allege sufficient facts from which I can assert specific personal jurisdiction over the Defendants in Colorado.

In Plaintiff's response to the First Data and Wells Fargo's Motion to Dismiss, Plaintiff requested leave from the Court to amend its Complaint.   However, these Motions concern only claims for relief numbers six and seven, and not the entire Complaint, and the Plaintiff's request for leave was only first raised in Plaintiff's response.

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its complaint only by leave of the court or written consent of the adverse party following a 21-day period of service of the complaint or service of a responsive pleading or Rule 12 motion.   Fed. R. Civ. Pro. 15(a).   Courts are instructed to "freely give leave when justice requires."   *Id.* However, a court may deny leave to amend if the proposed amendment is unduly delayed, unduly prejudicial, futile, or sought in bad faith.   *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party to leave to amend.   *See Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001).   The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue.   Delay is undue "when the party filing the motion has no adequate explanation for the delay."   *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993).   Further, if a Plaintiff knew or should have known of the facts upon which the proposed amendment is based, but failed to include them in the original complaint, leave to amend may be denied. *Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990.   I find that the Plaintiff has no adequate explanation for the delay in amending its Complaint after the matter has been completely briefed, and that any facts that Plaintiff may now be contemplating adding to the Complaint should have been known to it at the time that the original Complaint was filed.   As such, the Plaintiff's request for leave to amend its Complaint is denied.

III.   CONCLUSION

Based on the foregoing, it is

ORDERED that Defendant First Pay Solutions, LLC's Motion to Dismiss Plaintiff's Complaint (ECF No. 8) is **GRANTED** with respect to the claims against First Pay Solutions, LLC, and the claims against First Pay Solutions, LLC are **DISMISSED without prejudice**.

It is further ORDERED that Defendants First Data Corporation and Wells Fargo Bank N.A.'s Motion to Dismiss Plaintiff's Complaint (ECF No. 23) is **GRANTED** with respect to the claims against First Data Corporation and Wells Fargo Bank N.A., and the claims against First Data Corporation and Wells Fargo Bank N.A. are **DISMISSED without prejudice**.

Finally, Plaintiff's request for leave to amend its Complaint is **DENIED**.

Dated:   September 16, 2015.

BY THE COURT:


s/ Wiley Y. Daniel_____
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE